# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MOORE, | CIVIL ACTION |
| Petitioner, | |
| v. | No. 14-1148 |
| COMMONWEALTH OF PENNSYLVANIA, et al., | |
| Respondent. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                            JULY 21, 2014

     Presently before this Court is Petitioner, Thomas Moore's ("Petitioner"), Motion for Appointment of Counsel. Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on February 24, 2014. On March 7, 2014, we dismissed the Petition after determining that it was a successive petition, and we lacked jurisdiction to consider the merits of the petition without Petitioner first seeking and receiving approval from the United States Court of Appeals for the Third Circuit ("Third Circuit"). See Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). Absent such authorization, the District Court is not permitted to consider the merits of a subsequent petition. 28 U.S.C. § 224(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). Because Petitioner did not obtain an order from the Third Circuit allowing this Court to consider the merits of this instant successive petition, we dismissed it for lack of subject matter jurisdiction.

Subsequently, on March 17, 2014, Petitioner filed a Notice of Appeal in the Third Circuit appealing our decision. That appeal is currently pending. On June 20, 2014, Petitioner filed the instant Motion requesting appointment of counsel.

We first note that there is no constitutional right to counsel in a federal habeas corpus proceeding. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required, and the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. See Rule 8(c) of the Rules Governing Section 2254. Petitioner is not entitled to an evidentiary hearing; therefore, mandatory appointment of counsel is not required.

Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner, who is "financially eligible" under the statute, if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2); Reese, 946 F.2d at 263-64.

Here, we have already determined that the Petition is successive, and we do not have jurisdiction to consider its merits. In addition, the issue on appeal before the Third Circuit regarding whether the Petition is successive is certainly not legally complex. Accordingly, counsel will provide no benefit to Petitioner or the Court, and the interests of justice do not require appointment of counsel. Thus, the Motion for appointment of counsel is denied.

An appropriate Order follows.